[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:APPLICATION FOR DISCHARGE OF NOTICE OF LIS PENDENS
CT Page 12845
The defendants, Jian-Ping Hu and Min-Yi Chang, have applied to the court for an order discharging a notice of lis pendens recorded by the plaintiff on their property known as 62 Monroe Street, Milford, Connecticut, on the basis that there is not probable cause to sustain the validity of the plaintiff's claim.
The history of ownership of 62 Monroe Street, and the adjacent property owned by the plaintiff known as 56 Monroe Street is set forth in the defendants' Memorandum of Law dated December 27, 1994, and was the subject of testimony at a hearing held on the application on December 19, 1994.
At that hearing, the plaintiff testified that when he bought 56 Monroe Street, he believed that the driveway between the two parcels was a common driveway based upon what he was told by the real estate agency. The plaintiff admitted, however, that the deed to the property did not contain an easement granting to him the right to use the driveway and Exhibit #6, the "final — as built" map of 63 Monroe Street clearly shows the driveway's access to Monroe Street to be on the parcel belonging to the defendants. The plaintiff believed that the "old man", his predecessor in title, was permitted by the defendants to use the driveway.
The defendant, Jian-Ping Hu, testified on the contrary that he had told the "old man" that he could not use the driveway once he became aware that it was being used. The defendant testified that when he bought the property he believed he was the sole owner of the driveway and would not have purchased the property if it had a common driveway with the plaintiff's parcel.
When a property owner moves to discharge a notice of lis pendens, the plaintiff must "establish that there is probable cause to sustain the validity of his claim." Conn. Gen. Stat. § 52-325b(a).
The plaintiff in his complaint alleges an easement of necessity and/or an implied easement. An easement of necessity involves situations where the easement is indispensable to the enjoyment of the dominant estate, such as a landlocked parcel. Black's Law Dictionary (6th Ed. 1990). The evidence does not support such a finding in this case.
In determining whether there exists an implied easement, two factors must be examined: (1) the intention of the parties; and CT Page 12846 (2) whether the easement is reasonably necessary for the use and enjoyment of the dominant estate. Kenny v. Dwyer, 16 Conn. App. 58,64 (1988). While under the lesser standard of probable cause, the second element may arguably exist, in the court's opinion there has been presented insufficient evidence to establish probable cause that it was the intention of the parties that there exist an easement over the defendant's property so as to benefit that of the plaintiff. It must also be noted that the land records clearly indicate absence of an easement, a fact which the defendant relied upon in purchasing his parcel.
This court therefore finds that the plaintiff has not established probable cause to sustain the validity of his claim against these defendants and the application for discharge of the notice of lis pendens is hereby granted.
Thompson, J.